# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DENORRIS EDWARD WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
December 11, 2018

No. 338582
Wayne Circuit Court
LC No. 16-004387-01-FH

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

A jury convicted defendant of felonious assault, MCL 750.82, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and brandishing a firearm in public, MCL 750.234e, for threatening a teenage girl with a handgun while trying to force his way into her family's apartment. Defendant challenges his attorney's failure to object to the teenager's in-court identification of him as he sat at the defense table. However, defendant does not challenge the identification evidence presented by other witnesses or explain how the complainant's identification prejudiced him in light of the other evidence. We affirm.

## I. BACKGROUND

On the evening of April 16, 2016, 15-year-old DT was home alone with her friend and her two-year-old sister. At approximately 10:30 p.m., the girls sat on the front porch of the Detroit apartment and observed a black Charger pass by quickly, stop, and then start to back up. Startled, the girls went inside the front door and up the stairs to DT's second-floor townhouse apartment. Shortly thereafter, defendant banged on the street-level apartment door. DT looked down the staircase and observed defendant (a man she had never seen before) through a window in the doorway. DT opened an upstairs window and confronted defendant. Defendant replied, "if y'all got my phone, throw it out the window." DT replied that she did not have the phone and closed the window. Defendant persisted, and DT again yelled out that she did not have his phone. Defendant responded by pointing a handgun at DT and threatening, "throw my phone out the window or I'm about to blow this bitch up." Defendant and another individual also kicked at the front door so hard that it became jammed. After approximately 10 to 20 minutes, defendant left, warning, "[W]atch this, I'll be back."

-1-

DT summoned the police but they did not arrive until after defendant left the scene. DT's mother had returned home in the meantime. DT and her mother described defendant as a 5-foot-eight-inch black male, in his 20s, wearing dark jeans with red basketball shorts underneath and a black t-shirt, and driving a black Charger. Shortly after the police left, DT's mother noticed defendant standing by a black Charger on a street behind her home. The mother confronted defendant and defendant explained that his phone was "locating" in her home. The mother testified that defendant came back to the house, apologized to DT, and then walked off. During this time, DT had notified the police that defendant had returned to the area.

When the police arrived, they quickly spotted the black Charger and pulled behind it to effectuate a stop. As the officers approached, defendant made furtive motions, exited the vehicle, and ran off. The officers were unable to apprehend defendant at that time; however, defendant reappeared in the area as the officers were searching the Charger and the police took him into custody. A handgun was found in the vehicle's trunk.

At defendant's preliminary examination, DT identified defendant for the first time as the perpetrator. The police had not conducted any type of lineup beforehand. However, DT asserted that she recognized defendant as soon as she spotted him in the gallery. At trial, DT, her mother and both responding officers identified defendant as well.

## II. ANALYSIS

On appeal, defendant argues that he is entitled to a new trial because he was deprived of the effective assistance of counsel. Specifically, defendant contends that allowing DT to identify defendant for the first time at the preliminary examination was overly suggestive and that his counsel should have raised some objection. However, to warrant relief for the ineffective assistance of counsel or for the improper admission of eyewitness identification testimony, a defendant must establish prejudice. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012); *People v Bartlett*, 231 Mich App 139, 158; 585 NW2d 341 (1998). The evidence presented by DT's mother and the responding officers was sufficient to support defendant's identification.

The responding officers testified that DT described the perpetrator when they first arrived at her home as wearing dark colored jeans with red shorts underneath. After the officers left, DT's mother spied defendant nearby and confronted him. Defendant was wearing dark jeans with red shorts underneath. DT's mother asserted that defendant admitted he was the man who banged on her door and apologized to DT. When the officers returned to the scene, they quickly found defendant wearing the clothing described by DT and her mother. On the day of trial, both responding officers and DT's mother identified defendant as the man they encountered on the night in question.

Defendant has not challenged the admissibility or sufficiency of this evidence. Nor has he argued that DT's allegedly suggestive in-court identification was so prejudicial that it overwhelmed the other record evidence. Accordingly, defendant has not met his burden of establishing the prejudice necessary to warrant a new trial.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering